OPINION
{¶ 1} The City of Dayton appeals from a judgment of the court of common pleas overruling the City's request to vacate an arbitrator's award in a labor dispute.
 {¶ 2} Fraternal Order of Police Captain John C. Post Lodge No. 44 ("FOP") represents officers of the Dayton Police Department pursuant to a collective bargaining agreement between the FOP and the City of Dayton ("City").
 {¶ 3} Dayton Police Officers Gregory Thornton and Christopher Plummer are FOP members.[1] On September 18, 2002, both officers attended an FOP golf outing where they consumed beer and became intoxicated. Returning home, they were passing through the area where both were regularly assigned when they stopped and harassed a group of residents. Following citizen complaints, Thornton and Plummer were each temporarily suspended for misconduct.
 {¶ 4} The incident of September 18, 2002 occurred in the area of Dayton which its Police Department has denominated its First District. Seventeen days after their disciplinary suspensions were imposed, Thornton and Plummer were transferred from their duty in the First District to the Department's Second District nearby. Approximately two months later, each was transferred to other districts farther removed from the First District.
 {¶ 5} The two officers each filed grievances concerning both of their transfers pursuant to the collective bargaining agreement between the City and the FOP. The grievances were referred for arbitration pursuant to the agreement. After hearings were held, the arbitrator sustained the grievances and found against the City, ordering the transfers rescinded.
 {¶ 6} The City appealed the arbitrator's award to the court of common pleas pursuant to R.C. 2711.10(D), asking the court to vacate the award. The City contended that the arbitrator exceeded his powers and departed from the essence of the collective bargaining agreement between the City and the FOP. The court found a rational nexus between the agreement and the arbitrator's award and overruled the City's request to vacate the award. The City filed a timely notice of appeal to this court.
ASSIGNMENT OF ERROR
 {¶ 7} "THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW WHEN IT DID NOT VACATE THE ARBITRATOR'S AWARD PURSUANT TO R.C.2711.10(D), BECAUSE THE ARBITRATOR EXCEEDED HIS AUTHORITY."
 {¶ 8} R.C. 2711.10(D) authorizes the court of common pleas to vacate an arbitration award upon a finding that the arbitrator exceeded the powers conferred on the arbitrator by the arbitration agreement. In Board of Education of Findlay CitySchool District v. Findlay Education Association (1990),49 Ohio St.3d 129, the Supreme Court held:
 {¶ 9} "Given the presumed validity of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited.
 {¶ 10} "Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end. (R.C. 2711.10[D], construed and applied.)" Id., Syllabus by the Court, paragraphs one and two.
 {¶ 11} An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the collective bargaining agreement and the award.Southwest Regional Transit Authority v. Amalgamated TransitUnion Local 627, 91 Ohio St.3d 108, 110, 2001-Ohio-294. The common pleas court found such a nexus in the present case.
 {¶ 12} Article 4 of the collective bargaining agreement, captioned "Management's Rights", reserves to the City the right "[t]o transfer, promote or lay-off employees; or to terminate, demote, suspend or otherwise relieve employees from duty for just cause."
 {¶ 13} Article 6 of the collective bargaining agreement, captioned "Hours of Work", provides that a transfer to another police District not requested by the transferred officer "shall not be unjust or capricious . . ."
 {¶ 14} It is undisputed that the temporary suspensions of both officers for their misconduct on September 18, 2002 were disciplinary measures ordered by the City pursuant to Article 4. The City contended that the officers' subsequent transfers from the First District, where the misconduct occurred, were likewise proper pursuant to Article 4, though not as disciplinary measures. Rather, the transfers were appropriate because the officers' misconduct had (1) jeopardized their safety in the neighborhood concerned and (2) were ordered to support and promote the Police Department's community relations policy. In response, the FOP argued that the transfers were invalid disciplinary measures.
 {¶ 15} The arbitrator agreed with the FOP. Based on testimony he had heard, the arbitrator found that the transfers were punitive measures imposed to discipline the officers for their misconduct. Because Article 4 of the collective bargaining agreement limits the disciplinary measures the City may impose to suspension, demotion, and discharge, the arbitrator found that the use of transfers as a disciplinary measure violates the agreement. The arbitrator further found that because of that contract violation, whether the City had just cause for the discipline pursuant to Article 4 was immaterial. And, because the transfers were prohibited, whether the transfers were "unjust and capricious" per Article 6 is likewise immaterial.
 {¶ 16} The City argues that the trial court abused its discretion when it found a rational nexus between the collective bargaining agreement and the arbitrator's award, for two reasons.
 {¶ 17} First, the City argues that because the power to transfer is reserved to the City as a right of management by Article 4, which per Article 6 may not be unjust or capricious when a transfer is unrequested, the arbitrator was limited to determining whether the officers' unrequested transfers were unjust and capricious. Therefore, the City argues, the arbitrator exceeded his authority by considering whether the transfers were disciplinary, which imposes a limitation on the City's rights for which the agreement does not provide.
 {¶ 18} These transfers of officers from the Police Department District where they had been assigned to other districts were unrequested transfers. Per Article 6 of the collective bargaining agreement, transfers of that type may not be unjust and capricious, even when they are ordered pursuant to a right reserved to management by Article 4.
 {¶ 19} Unrequested transfers are not among the measures which the City and the FOP have agreed the City has a right to impose for disciplinary purposes. Whether the transfers ordered in the present case had a disciplinary purpose is a question of fact for the arbitrator to decide, and by agreeing to have their dispute settled by an arbitrator the parties have agreed to accept the arbitrator's view of the facts. Southwest Ohio Regional TransitAuthority v. Amalgamated Transit Union, Local 627, supra.
 {¶ 20} The arbitrator's finding that the unrequested transfers were disciplinary measures which, by negative implication, are prohibited by the collective bargaining agreement, supports a conclusion that they are unjust and capricious and therefore prohibited by Article 6 of the collective bargaining agreement. The award based on that finding has a rational nexus to the collective bargaining agreement, and it therefore draws its essence from the agreement.
 {¶ 21} Second, the City argues that the arbitrator's award violates an explicit public policy favoring public respect for law enforcement, which is diminished when officers who have engaged in misconduct that produced public complaints are not removed from the area of the community where the misconduct happened. We agree that such a public policy exists. However, we may not reject an arbitrator's award absent evidence of a material mistake or extensive impropriety. Dayton v. FraternalOrder of Police (1991), 76 Ohio App.3d 591. Neither is evident here.
 {¶ 22} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. And Donovan, J., concur.
[1] Plummer voluntarily separated from service with the City on May 8, 2005.