OPINION
{¶ 1} NCO Portfolio Management, Inc. ("NCO") appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed its request to confirm an arbitration award against Marshall McGill. McGill has not filed a brief in this matter.
 {¶ 2} By way of background, McGill opened a credit card account with MBNA America Bank, N.A. Pursuant to the terms of the cardholder agreement, MBNA and McGill agreed to arbitrate any claim or dispute arising out of the use of the extension of credit in the National Arbitration Forum. After O'Brien defaulted on the account, MBNA assigned the account to NCO. NCO submitted its claim to the National Arbitration Forum pursuant to the cardholder agreement. An arbitration was held and on September 29, 2004, the arbitrator found in favor of NCO in the amount of $6,059.68.
 {¶ 3} On May 27, 2005, NCO filed a "motion and application to confirm and enforce arbitration award." NCO attached the National Arbitration Forum award, the credit card agreement between the parties (which included the arbitration clause at issue), and an affidavit of its attorney, which authenticated the copies of the award and the agreement. The trial court set a hearing on the application for July 15, 2005.
 {¶ 4} At the scheduled hearing, the court addressed three separate cases involving applications to confirm arbitration awards. The court first addressed NCO Portfolio Management Inc.v. Bacon, Montgomery Case No. 05-CV-4450, and then turned to this case. At that time, the court noted that McGill had been served and that both the agreement and the award had been attached to the complaint. Although noting that McGill was not present, the court granted NCO's application to confirm the award.
 {¶ 5} The court next addressed an unrelated case, MBNAAmerica Bank, N.A. v. Scott-Riley, Montgomery Case No. 05-CV-4386. At that time, the court expressed concern that there was no indication that Ms. Riley had actually received the arbitration agreement. Ms. Riley indicated that she only remembered seeing the arbitration award. Counsel for MBNA informed the court that Ms. Riley had signed a credit card agreement and that the arbitration agreement comes with every credit card. However, MBNA did not have anyone present who could testify to that fact. The trial court denied MBNA's request for confirmation, stating that it could not confirm the award absent proof that Ms. Riley had signed an arbitration agreement.
 {¶ 6} At that juncture, the court decided to reconsider its ruling in this action. The court noted that "there is a copy of the Arbitration Award attached to the Complaint Requesting Confirmation. And once again, there is a generic Credit Card Agreement attached as Exhibit `B', but no indication that Mr. McGill signed that Arbitration Agreement; * * * no one here to testify that * * * their standard Credit Card Agreement provides for Arbitration." The court therefore concluded that it would deny the request for confirmation.
 {¶ 7} On July 22, 2005, the court filed an entry, denying NCO's motion to confirm the arbitration award for the reasons stated at the hearing. NCO appeals from that judgment.
 {¶ 8} On appeal, NCO asserts that the trial court erred in failing to grant its application for confirmation of the arbitration award. It argues that it fully complied with R.C.2711.09 and R.C. 2711.14. NCO further asserts that the court lacked discretion to review the award and that it must grant an application for confirmation unless the award is vacated, modified, or corrected. It claims that McGill had the burden of demonstrating that the award should not be confirmed and that the court should not have requested evidence as to the validity of the arbitration agreement sua sponte. NCO notes that the arbitrator found in the award that "on or before 05/26/2004 the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the Forum Code of Procedure." NCO claims that there is no requirement under Ohio law that the arbitration agreement be signed.
 {¶ 9} As discussed below, we agree with NCO that the trial court erred in failing to confirm the arbitration award.
 {¶ 10} Arbitration procedures are governed by R.C. Chapter 2711. R.C. 2711.09 provides for the confirmation of an arbitration award. It states, in pertinent part:
 {¶ 11} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. * * *"
 {¶ 12} R.C. 2711.14 specifies that certain papers must be filed with the application to confirm an arbitration award: (1) "[t]he agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time within which to make the award"; (2) the award; and (3) "[e]ach notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such application." It is undisputed that the only applicable documents in this case were the arbitration agreement and the award.
 {¶ 13} "In order to facilitate and encourage the private settlement of grievance disputes, the scope of judicial review of arbitration proceedings is limited. Traditionally, in order to advance the policy concerns which underlie the arbitration system, courts have refused to review the merits of an arbitration award arising from [arbitration] agreements." HuberHts. v. Fraternal Order of Police (1991), 73 Ohio App.3d 68, 73,596 N.E.2d 571 (citations omitted).
 {¶ 14} "[W]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion * * * unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Warren Edn. Assn.v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170,480 N.E.2d 456; Walker v. Sambol (Mar. 30, 2001), Montgomery App. No. 19478. Absent such a challenge to the arbitration award, the court does not have discretion under R.C. 2711.09 to deny the application to confirm the award. See Garcia v. Wayne Homes,LLC, Clark App. No. 2002-CA-35, 2002-Ohio-7286. The arbitrator's award is presumed to be valid. Board of Educ. of the FindlayCity School Dist. v. Findlay Educ. Ass'n (1990),49 Ohio St.3d 129, 132, 551 N.E.2d 186; Dayton v. Fraternal Order of Police,
Montgomery App. No. 20863, 2006-Ohio-1129, ¶ 9.
 {¶ 15} In the present case, NCO made a timely motion and application to confirm and enforce the arbitration award. NCO supported its application with the award and the credit card agreement containing the arbitration provision. Although the credit card application was not signed, NCO's attorney stated in his affidavit that the agreement was a "true, authentic and accurate cop[y] of * * * the governing arbitration agreement between the parties." Moreover, as stated in the arbitration award, the arbitrator expressly found that the parties had entered into an agreement providing that the dispute be resolved by binding arbitration. We note that the arbitration provision in the credit card agreement provided that the "applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement shall be resolved by binding arbitration." The trial court should not have required NCO to submit additional evidence to establish that the parties had entered into an arbitration agreement, particularly in the absence of any challenge by McGill as to the authenticity of the attached document. Because NCO provided the award and the arbitration agreement, as required by R.C. 2711.14, the trial court did not have the discretion to deny NCO's application for an order confirming the arbitration award.
 {¶ 16} The assignment of error is sustained.
 {¶ 17} The judgment of the trial court will be reversed and the cause remanded for the entry of judgment consistent with this opinion.
Grady, P.J. and Brogan, J., concur.