OPINION
{¶ 1} Plaintiff-appellant NCO Portfolio Management, the assignee of MBNA America Bank, N.A., appeals from the dismissal of its motion to confirm an arbitration award in its favor, and against defendant-appellee Barbara Ann Williams, in the amount of $14,036.73. We conclude that the trial court did err in dismissing NCO's motion to confirm the award without having considered whether Williams's challenge of the award was timely, which requires a determination of whether, and when, the award was served upon Williams. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 2} NCO filed a "Motion and Application to Confirm and Enforce Arbitration Award." That motion contains the following allegations:
 {¶ 3} "1. Defendant(s) entered into a contract with Plaintiff which provided that all claims between the parties [be] submitted for binding arbitration.
 {¶ 4} "2. An arbitration has been held at which the arbitrator reviewed all written evidence and/or heard oral testimony, and upon consideration of same, issued an award in favor of Plaintiff in the sum of $14,036.73. A copy of the arbitration award in [sic] attached hereto and marked as Exhibit A.
 {¶ 5} "3. That portion of the cardmember agreement governing terms and conditions constituting the arbitration agreement is attached hereto and marked as Exhibit
 B. {¶ 6} "4. Although due demand has been made, Defendant(s) have failed to liquidate the balance due and owing."
 {¶ 7} A summons was filed on August 23, 2005, advising Williams that she had 28 days within which to answer the "Complaint," and that her failure to appear and defend would result in default judgment being taken against her. The court set a hearing date of September 13, 2005, and served notice thereof to the parties at their respective addresses. At that hearing, which preceded the Answer date, counsel for NCO appeared, and Williams appeared, without counsel.
 {¶ 8} At the September 13, 2005 hearing, the following colloquy ensued:
 {¶ 9} "JUDGE: Okay. And ma'am, were you served with summons in this case? Did you get service in this case?
 {¶ 10} "MS. WILLIAMS: They sent me a paper and they told me to respond within I think 14 days. And then I wrote them back and then they sent another paper and I called and somebody — the lady — I didn't know what they was talking about. The words they was using and she didn't tell me. I still don't know.
 {¶ 11} "JUDGE: Okay. All right. Ma'am, you are not represented by counsel; is that correct?
 {¶ 12} "MS. WILLIAMS: I don't know what I'm coming for. That's what I'm saying. When I called the lady — they gave me the number. And I tried to ask about the letter they had wrote, she told me something — MBN — something. And that — she said — I said I had been paying them what I can pay them and I —
 {¶ 13} "JUDGE: Okay. But you don't have a lawyer; is that right?
 {¶ 14} "MS. WILLIAMS: No.
 {¶ 15} "JUDGE: Mr. Penny, do you have any witnesses?
 {¶ 16} "MR. PENNY: No, Your Honor. I feel we have complied with the statute.
 {¶ 17} "JUDGE: And do you have any additional copies of any notices, affidavits or other papers you used as an application?
 {¶ 18} "MR. PENNY: I believe we had supplemented —
 {¶ 19} "JUDGE: Do you have — I don't have it in the Court file. If you could provide the bailiff with a copy of anything that you supplemented as well as Ms. Williams.
 {¶ 20} "MR. PENNY: I have a copy of the award and the arbitration agreement.
 {¶ 21} "JUDGE: Do you have any other evidence? Mr. Penny, do you have any other evidence?
 {¶ 22} "MR. PENNY: No. As I said pursuant to [R.C.] section 2711.19, we are required to provide the award and the arbitration agreement which we have provided you. And notice of the hearing which can be provided.
 {¶ 23} "JUDGE: The Court provided notice of the hearing, that's in the court file.
 {¶ 24} "MR. PENNY: Right. So everything has been provided.
 {¶ 25} "JUDGE: Ms. Williams, were you advised of this arbitration proceeding that took place?
 {¶ 26} "MS. WILLIAMS: No.
 {¶ 27} "JUDGE: Did you have an opportunity to —
 {¶ 28} "MS. WILLIAMS: I never did know there was an arbitration award.
 {¶ 29} "JUDGE: Did you get a notice or anything about an arbitration taking place?
 {¶ 30} "MS. WILLIAMS: No. I don't know what it is.
 {¶ 31} "JUDGE: Mr. Penny, how do I know this is the arbitration agreement that Ms. Penny [sic] entered into because this is the same copy that are [sic] presented in every case? It's pages 11 and 12 of something.
 {¶ 32} "Do you have any evidence that applies [to] Ms. Williams?
 {¶ 33} "MR. PENNY: Well, these arbitration agreements are used by MBNA on all of their credit cards.
 {¶ 34} "JUDGE: My question is, how do I know that they provided this notice to Ms. Penny and she had entered into this arbitration agreement[?]
 {¶ 35} "MR. PENNY: Well, she had 90 days from which — when the arbitration decision was sent to her to file — to modify or vacate the award pursuant to the statute. She did not do so. So therefore this Court does not have jurisdiction [to] question the validity of the arbitration award, it can only confirm it.
 {¶ 36} "JUDGE: The Court does find that the Plaintiff has failed to provide the actual arbitration agreement and therefore the award will not be confirmed and this matter is dismissed.
 {¶ 37} "MR. PENNY: We'll be appealing this decision.
 {¶ 38} "JUDGE: That's fine, sir."
 {¶ 39} True to its word, NCO has appealed from the dismissal of its motion to confirm its arbitration award against Williams.
 II {¶ 40} NCO's sole assignment of error is as follows:
 {¶ 41} "WHETHER THE TRIAL COURT PREJUDICIALLY ERRED AND ABUSED ITS DISCRETION DISMISSING APPELLANT'S APPLICATION TO CONFIRM ARBITRATION AWARD WITH PREJUDICE."
 {¶ 42} NCO argues that the trial court had no discretion to do anything other than to confirm the arbitration award, because Williams failed to file a timely motion to modify or vacate the award.
 {¶ 43} R.C. 2711.09 provides that a party may, at any time within one year, apply to a court of common pleas for an order confirming the award, and that the court "shall grant" the order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed by R.C. 2711.10 and 2711.11. Under R.C. 2711.13, a court only has jurisdiction to vacate, modify or correct an arbitration award if a motion to that effect is filed within three months after the award is delivered to the parties in interest, as prescribed by law for service of motion in an action.
 {¶ 44} In this case, the arbitration award recites on its face that it was awarded February 22, 2005, and that it was sent by first-class mail to the parties on that date. If, in fact, the arbitration award was sent to the parties on February 22, 2005, then NCO's motion to confirm the award, having been filed August 22, 2005, is timely, but any attempt by Williams to challenge the award would have become untimely before the date of the September 13, 2005 hearing.
 {¶ 45} In two recent cases, we have agreed with the proposition that a trial court must confirm an arbitration award if the party aggrieved by the award has not filed a timely motion to modify or vacate the award. MBNA America Bank, N.A. v.O'Brien (July 21, 2006), Montgomery App. No. 21216, and NCOPortfolio Management, Inc. v. McGill (July 21, 2006), Montgomery App. No. 21229. Williams has not filed a brief in this appeal, and we see no reason to depart from our holdings in those two recent cases. Nevertheless, we find a crucial distinction in this case.
 {¶ 46} In neither of the two cases cited in the preceding paragraph was there any indication that the respondent at the motion hearing had disputed that the arbitration award was served upon him, thereby triggering the 90-day limitation within which to challenge the award. The respondent in MBNA America Bank,N.A. v. O'Brien, supra, was present at the hearing, but did not dispute the service of the arbitration award upon him; the respondent in NCO Portfolio Management, Inc. v. McGill, supra, was not present at the hearing on the motion to confirm the award.
 {¶ 47} By contrast, in the case before us, Williams appeared at the hearing and, in response to the trial court's questioning, asserted that she had not had any notice of the arbitration award. We conclude that Williams's having asserted that she had not had any prior notice of the arbitration award put the question of whether, and when, she was served with notice of the arbitration award into issue at the hearing. The trial court did not reach any factual conclusion on this issue, having focused, instead, upon a perceived failure of proof of Williams's having agreed to arbitration.
 {¶ 48} We conclude that the trial court erred in finding that NCO's failure of proof on the issue of Williams's having agreed to arbitration was fatal to its motion. The essential factual issue, which the trial court was required to resolve, and will have to resolve upon remand, is whether, and when, Williams received notice of the arbitration award. If she did not receive notice of the award until 90 days or less preceding the confirmation hearing, then we conclude that her responses to the trial court at that hearing, albeit inartful, constituted the functional equivalent of a motion to vacate the award, since she denied having been provided with prior notice of the arbitration hearing, and her "motion to vacate," informal though it may have been, would have been timely.
 {¶ 49} Upon remand, the trial court must determine whether Williams received notice of the arbitration award prior to the September 13, 2005 hearing on NCO's motion to confirm that award, and, if so, when she received notice. If Williams received notice more than 90 days before the September 13, 2005 hearing, then we agree with NCO that it was too late, at that hearing, to challenge the award, and the trial court was obliged to confirm the award and enter judgment upon it. If Williams did not receive notice more than 90 days before the September 13, 2005 hearing, then the trial court should treat Williams's responses to its questions as a timely challenge to the arbitration award, and resolve that challenge.
 {¶ 50} We decline to speculate what either party's evidence may be on the ultimate issue of the validity of the award, should the trial court reach that issue. On the preliminary issue of the timeliness of Williams's challenge to the award, which depends upon whether, and when, she received notice of the arbitration award, both parties are entitled to reasonable inferences, and the trial court may decide to rely upon inferential proof of that fact. We are not satisfied that the mere fact that the arbitration award, on its face, recites that it was served on the parties on its stated date establishes that fact. In our view, some extrinsic proof of that fact is required. The statement on the face of the award does not reflect that it was made under oath.
 {¶ 51} NCO's sole assignment of error is sustained in part.
 III {¶ 52} NCO's sole assignment of error having been sustained in part, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan and Wolff, JJ., concur.