DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, NCO Portfolio Management, Inc., appeals from the decision of the Lorain County Court of Common Pleas, dismissing with prejudice its application to confirm a binding arbitration award. We reverse and remand for proceedings consistent with this opinion.
 I. {¶ 2} On May 13, 2005, Appellant filed a motion with the trial court to confirm an arbitration award. According to the motion, Janet and Kevin Lewis entered into a contract with Appellant that provided that all claims between the *Page 2 
parties would be submitted for binding arbitration. Arbitration was held and Appellant was awarded $34,371.34 against the Lewises. The arbitration award, which was attached to Appellant's motion to confirm, was dated May 11, 2004 and named both Janet and Kevin Lewis as respondents. In the award, the arbitrator specifically found "the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration[.]" On June 26, 2005, Kevin Lewis ("Appellee") filed an answer to the motion to confirm, denying that he had entered into an arbitration agreement with Appellant and that therefore there was no enforceable arbitration agreement against him for the trial court to confirm. A hearing to confirm and enforce the arbitration award was set for July 26, 2005. Appellant moved to strike Appellee's answer, contending that the answer was not permitted under R.C. 2711.10 and R.C. 2711.11, of the Ohio Arbitration Act. Appellee filed a motion for summary judgment on July 21, 2005, stating again that he had never entered into a contract with Appellant and that he was not a party to an arbitration agreement. The trial court cancelled the July 26 hearing to confirm the award. Appellant filed a response to Appellee's motion for summary judgment, contending the trial court did not have jurisdiction to review objections to the arbitration award because the objections were filed outside of the limitations period set forth in R.C. 2711.13. On August 9, 2006, the trial court confirmed the arbitration award as to Janet Lewis, but found that Appellant failed to establish that there was an agreement by Appellee to arbitrate its claim. *Page 3 
Accordingly, the trial court dismissed the case with prejudice as to Appellee. Appellant has timely appealed from this order, asserting one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT PREJUDICIALLY ERRED AND ABUSED ITS DISCRETION DISMISSING APPELLANT'S APPLICATION TO CONFIRM ARBITRATION AWARD WITH PREJUDICE[.]"
 {¶ 3} Appellant contends that the trial court prejudicially erred and abused its discretion dismissing its application to confirm the arbitration award with prejudice.
 {¶ 4} Appellant filed a motion to confirm and enforce the arbitration award under R.C. 2711.09. This section states:
 "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."
 {¶ 5} At the outset, we note that Appellant filed its motion to confirm the arbitration award more than a year after the award was made. While the statute does not have an express provision for a party who moves to confirm an arbitration award beyond the one-year period provided by the statute, the Ohio *Page 4 
Supreme Court found that R.C. 2711.09 suggests that a party with an arbitration award can obtain a judgment on the award after one year:
 "As indicated in the editorial comment following the section in Page's Ohio Revised Code Annotated, the purpose of this section of the statute is to enable parties to an arbitration to obtain satisfaction of the award. It is further stated that `[t]he party desiring legally to enforce an award makes a motion to confirm. This motion must be granted by the court, unless cause is shown for its modification or vacation; and the motion to confirm must be made within one year after the award is rendered. After that time the remedy would be by a suit on the award.'" Warren Edn. Assn v. Warren City Bd. of Edn.
(1985), 18 Ohio St.3d 170, 172-173, quoting comment to R.C. 2711.09.
 {¶ 6} Further, the use of the term "may" in the statute, "fails to equate to the interpretation a party must apply to confirm its award within one year or forfeit that right[.]" Russo v. Chittick (1988),48 Ohio App.3d 101, 103. Therefore, it is within the discretion of the trial court to permit a motion to confirm an arbitration award outside the one-year period if filed within a reasonable time, for good cause shown and if no prejudice occurs to the opposing party due to the late filing. Id. at 104. We observe that Appellee failed to allege prejudice in the trial court. As such, he has waived this argument on appeal and we decline to address it. Holman v. Grandview Hosp. Med. Ctr. (1987),37 Ohio App.3d 151, 157 ("Issues not raised and tried in the trial court cannot be raised for the first time on appeal").
 {¶ 7} Appellant argues that the trial court erred and abused its discretion when it dismissed with prejudice its application to confirm the arbitration award. We review a trial court's order confirming or rejecting an arbitration award for *Page 5 
errors that occurred as a matter of law. NCO Portfolio Mgt, Inc. v.McAfee, 164 Ohio App.3d 747, 2005-Ohio-6743, at ¶ 4.
 {¶ 8} An application for the confirmation of an arbitration award is governed by R.C. 2711.09. Upon the filing of the application, "the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and2711.11 of the Revised Code." R.C. 2711.09. Further, R.C. 2711.14
provides that certain papers be filed with an application to confirm an award. This section states that: "Any party to a proceeding for an order confirming * * * an award made in an arbitration proceeding shall, at the time the application is filed with the clerk of the court of common pleas, also file the following papers with the clerk: (A) The agreement * * *; (B) The award[.]" R.C. 2711.14(A).
 {¶ 9} "[W]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion * * * unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Warren Edn. Assn., 18 Ohio St.3d at 174. "Further, the mandatory language of R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award. If an application is filed after this period, the trial court lacks jurisdiction." Falkowski v. StrategicMerchandising, Inc. (Nov. 22, 2000), 9th Dist. No. 99CA007610, at *2, citing Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council 8,AFL-CIO, Local *Page 6 No. 2243 (1995), 71 Ohio St.3d 620, 622. Therefore, absent a motion to vacate, modify, or correct the arbitration award, "the court does not have discretion under R.C. 2711.09 to deny the application to confirm the award. * * * The arbitrator's award is presumed to be valid." NCOPortfolio Management, Inc. v. McGill, 2d Dist. No. 21229,2006-Ohio-3758, at ¶ 14, citing Board of Edn. of the Findlay City SchoolDist. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, 132.
 {¶ 10} We have found that it was within the trial court's discretion to review Appellant's motion to confirm, despite the fact that it was filed more than a year after the award was granted. In the present case, Appellee did not move the trial court to vacate, modify or correct the arbitration award. At filing, Appellant attached the award and a photocopy of "[t]hat portion of the cardmember agreement governing terms and conditions constituting the arbitration agreement[.]" This agreement was unsigned and undated, but was supported by the affidavit of Appellant's attorney. His affidavit stated that the award and agreement were "true, authentic and accurate copies of the arbitration award between the parties, and the governing arbitration agreement between the parties, respectively." Further, the arbitration award states that the arbitrator found that the "[p]arties entered into an agreement providing that this matter shall be resolved through binding arbitration[.]" Finally, we note that the arbitration clause attached to the motion provided that the "applicability of this Arbitration and Litigation section or the validity of the entire Agreement or any prior Agreement shall be *Page 7 
resolved by binding arbitration." As such, we find that the trial court erred in finding that Appellant failed to establish that there was an agreement between Appellant and Appellee to arbitrate the claim. "Because NCO provided the award and the arbitration agreement, as required by R.C. 2711.14, the trial court did not have the discretion to deny NCO's application for an order confirming the arbitration award."McGill, supra, at ¶ 15. Accordingly, Appellant's assignment of error is sustained.
 III. {¶ 11} Appellant's assignment of error is sustained and the judgment of the Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 8 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellees.
CARLA MOORE FOR THE COURT