DECISION. *Page 2 
{¶ 1} On April 25, 2006, plaintiff-appellant Hilco Receivables, LLC, ("Hilco") filed an application pursuant to R.C. 2711.09 to confirm an arbitration award for $6240.52 on a credit-card debt owed to it by defendant-appellee Carole Barton. Attached to Hilco's application were a copy of the September 29, 2005, arbitration award and a copy of a generic credit-card agreement. The agreement was not signed. Barton had originally entered into the credit-card agreement with MBNA America Bank, N.A. ("MBNA"), which had assigned the agreement to Hilco. Hilco's counsel submitted an affidavit in which he stated that the attached award and agreement were "true, authentic, and accurate copies" of the award and the arbitration agreement. Barton did not appear. No motion to vacate, modify, or correct the award was filed on Barton's behalf.
 {¶ 2} The magistrate denied the application to confirm the award and dismissed the application without prejudice. The magistrate determined that R.C. 2711.14(A), which states that a copy of the agreement to arbitrate must be filed with an application to confirm an arbitration award, required a signed agreement. The magistrate stated in his decision that, in the absence of an agreement to arbitrate signed by the debtor, he could not determine whether the arbitrator had had "jurisdiction" to make an award. Because Hilco had not filed any document signed by Barton, the magistrate concluded that R.C. 2711.14(A) had not been satisfied. The magistrate stated that Hilco was required to file some document containing Barton's signature, even if it was the signed credit-card application. *Page 3 
 {¶ 3} Hilco filed objections. The trial court overruled the objections and adopted the magistrate's decision. Hilco has appealed. Barton has not filed a brief or appeared to argue in this court.
 {¶ 4} Hilco's sole assignment of error alleges that the trial court erred in dismissing its application to confirm the arbitration award.
 {¶ 5} R.C. 2711.09 states in part, "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."
 {¶ 6} R.C. 2711.14(A) requires that a copy of the arbitration agreement be filed with an application to confirm an arbitration award. The question in this case is whether the generic credit-card agreement filed by Hilco satisfied that requirement. The trial court ruled that the requirement was not satisfied because the credit-card agreement did not contain Barton's signature. Therefore, the trial court concluded, the application had to be dismissed.
 {¶ 7} The jurisdiction of a court to review an arbitration award is narrow, limited, and restricted by statute.[1] "[W]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion * * * unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown."[2] *Page 4 
 {¶ 8} In MBNA America Bank, NA. v. Cooper,[3] MBNA had filed an application to confirm an arbitration award and had attached the generic credit-card agreement. The Third Appellate District held that the trial court had no jurisdiction to vacate the arbitration award based on the lack of a signed agreement, where the debtors had not filed a proper motion under R.C. 2711.14 to vacate the award.
 {¶ 9} The trial court in NCO Portfolio Management, Inc. v.McGill[4] denied NCO Portfolio Management's ("NCO") application for confirmation of an arbitration award because a generic, unsigned copy of the credit-card agreement was attached. NCO's counsel had submitted an affidavit stating that the filed agreement was a "true, authentic and accurate copy" of the arbitration agreement between the parties. In making the award, the arbitrator had expressly found that the parties had entered into an agreement for binding arbitration. Further, the agreement stated that its applicability and validity were to be resolved through arbitration.
 {¶ 10} The Second Appellate District reversed the trial court's decision, holding that because NCO had attached the award and the agreement as required by R.C. 2711.14, the trial court had no discretion to deny the application to confirm the award. The appellate court held that NCO was not required to submit any additional evidence to establish that the parties had entered into an arbitration agreement, "particularly in the absence of any challenge by McGill as to the authenticity of the attached document."[5]
 {¶ 11} The Ninth Appellate District reversed the decision of the trial court that had dismissed an application to confirm an arbitration award in NCO Portfolio *Page 5 Management, Inc., Assignee of MBNA v. Lewis.[6] NCO had filed a motion to confirm an arbitration award and had attached the award and a photocopy of "[t]hat portion of the card-member agreement governing terms and conditions constituting the arbitration agreement[.]"[7] The attached agreement was unsigned and undated. NCO's counsel had filed an affidavit asserting that the agreement was a "true, authentic, and accurate" copy of the "governing arbitration agreement." Further, the arbitration award stated that the arbitrator had found that the parties had entered into an agreement for binding arbitration. The arbitration clause attached to the application provided that the applicability and validity of the agreement was to be resolved by binding arbitration.
 {¶ 12} The Ninth Appellate District held that the trial court had erred in determining that NCO had failed to establish that the parties had entered into an arbitration agreement. Further, the appellate court held that the trial court did not have discretion to deny the application to confirm the award because NCO had attached the award and the arbitration agreement as required by R.C. 2711.14.[8]
 {¶ 13} The arbitration award filed by Hilco in this case stated that the arbitrator had found that the parties had entered into an agreement for binding arbitration. The card-member agreement attached by Hilco stated that it governed the terms and conditions constituting the arbitration agreement. The arbitration clause in the agreement attached to Hilco's application for confirmation of the award provided that the applicability and validity of the agreement were to be resolved by arbitration. Hilco's counsel filed an affidavit stating that the attached award and *Page 6 
agreement were "true, authentic, and accurate copies" of the award and the arbitration agreement. Barton did not file a motion to vacate, correct, or modify the award. Under these circumstances, Hilco was not required to submit any additional evidence of the arbitration agreement.[9] The assignment of error is sustained.
 {¶ 14} The judgment of the trial court is reversed and the cause is remanded with instructions to the trial court to grant Hilco's application for confirmation of its arbitration award, and for further proceedings consistent with law and this decision. Judgment reversed and cause remanded.
PAINTER, P.J., and HILDEBRANDT, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See Warren Edn. Assn. v. Warren City Bd. of Edn. (1985),18 Ohio St.3d 170, 480 N.E.2d 456.
[2] See id. at syllabus.
[3] 3rd Dist. No. 17-05-33, 2006-Ohio-2793.
[4] 2nd Dist. No. 21229, 2006-Ohio-3758.
[5] See id. at ¶ 15.
[6] 9th Dist. No. 06CA009001, 2007-Ohio-3965.
[7] See id. at ¶ 10.
[8] See id.
[9] See MBNA America Bank, N.A. v. Cooper, supra; NCO PortfolioManagement, Inc. v. McGill, supra; NCO Portfolio Management, Inc.,Assignee of MBNA v. Lewis, supra. *Page 1