DECISION AND JUDGMENT ENTRY
{¶ 1} Teresa A. Myers appeals the judgment of the Highland County Common Pleas Court granting Chase Manhattan Bank USA's application to confirm and enforce an arbitration award, which involves Myers' credit card debt to Chase. On appeal, Myers contends that the trial court erred when it granted Chase's application because Chase did not attach a signed copy of the arbitration agreement with its application as required by R.C. 2711.14. We disagree, holding that although an arbitration agreement must be in writing, the parties do not have to sign it. Accordingly, we affirm the judgment of the trial court.
 I. *Page 2 {¶ 2} Chase claimed Myers owed money on her Chase credit card. Based on an arbitration agreement between the parties, Chase filed a claim with the National Arbitration Forum. The record does not show that Myers ever entered an appearance or otherwise disputed the amount due or the validity of the arbitration agreement. On July 25, 2006, the arbitrator issued an award in favor of Chase for $6,680.43. Myers does not dispute that she received notice of this award. She, however, never paid the amount of the award to Chase.
 {¶ 3} As a result, Chase filed a Motion and Application to Confirm and Enforce the Arbitration Award with the Highland County Court of Common Pleas. The court then set a hearing on the application. Later, the court set a briefing schedule. After a series of motions, the court issued its ruling on June 20, 2007. The court found that Myers (1) failed to timely raise her defense of lack of assent to the arbitration agreement and (2) accepted the agreement, including the arbitration clause, when she used her credit card. The court then granted Chase's application.
 {¶ 4} Myers appeals the judgment of the trial court and asserts the following assignment of error: "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY GRANTING PLAINTIFF'S MOTION AND APPLICATION TO CONFIRM AND ENFORCE ARBITRATION AWARD."
 II. {¶ 5} Myers contends in her sole assignment of error that Chase failed to abide by R.C. 2711.14 when it included with its application an unsigned copy of the arbitration *Page 3 
agreement. Myers maintains that we must reverse the court's judgment because R.C. 2711.14 mandates that the copy of the agreement be signed.
 {¶ 6} As a matter of policy, courts favor and encourage arbitration, and therefore will make every reasonable indulgence to avoid disturbing an arbitration award. Findlay City School Dist. Bd. of Edn. v. FindlayEdn. Assn. (1990), 49 Ohio St.3d 129, 131 (superseded on other grounds by R.C. 4117.10(A), as stated in Cincinnati v. Ohio Council 8, AmericanFedn. of State, Cty. Mun. Emp., AFL-CIO (1991), 61 Ohio St.3d 658, 576 N.E.2d 745).
 {¶ 7} Review of an arbitration award on appeal is confined to the order issued by the trial court confirming, modifying, vacating or enforcing the award. Sparks v. Barnett (1992), 78 Ohio App.3d 448, 450; see, also, Lockhart v. American Res. Ins. Co. (1981), 2 Ohio App.3d 99,101. We may not disturb a trial court's affirmation of an arbitration award absent evidence of a material mistake or extensive impropriety in the arbitration. Id.
 {¶ 8} R.C. 2711.14 provides:
 Any party to a proceeding for an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding shall, at the time the application is filed with the clerk of the court of common pleas, also file the following papers with the clerk:
 (A) The agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time within which to make the award;
 (B) The award;
 (C) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.
 The judgment entered in such proceeding shall be docketed as if rendered in an action. *Page 4 
 The judgment so entered shall have in all respects the same effect as, and be subject to all laws relating to, a judgment in an action. Such judgment may be enforced as if rendered in an action in the court in which it is entered. (Emphasis added.)
 {¶ 9} R.C. 2711.09 "specifies that after an arbitration award has been made and a party to the arbitration proceeding applies to the common pleas court for an order confirming the award, `the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, orcorrected as prescribed in sections 2711.10 and2711.11 of the Revised Code.'" (Emphasis in original.) State ex rel. Westlake v. Corrigan,112 Ohio St.3d 463, 2007-Ohio-375, ¶ 20. "Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10
and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." Id. at ¶ 21, quotingState ex rel. R.W. Sidley, Inc. v. Crawford,100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 22.
 {¶ 10} Here, Myers did not file a motion to vacate, modify, or correct the award as prescribed in R.C. 2711.10 and R.C. 2711.11. Instead, she attacked the propriety of Chase's application by claiming that Chase did not comply with R.C. 2711.14 because it failed to file a signed arbitration agreement with its application to confirm and enforce.
 {¶ 11} We have addressed this issue before and found that an arbitration clause must be in writing, but it is not required that the agreement be signed by the parties. (Cites omitted.) Brumm v. McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96, 102. A signed copy of an agreement is only one of several ways to prove the existence of an agreement. Id. at 103. "Indeed, the great majority of jurisdictions nationwide *Page 5 
which require written arbitration contracts do not require the signatures of the parties in order to enforce them." Id., citing 16 Williston, Contracts (1976) 163, Section 1919A. Therefore, we find that Chase satisfied the requirement of R.C. 2711.14. That is, it filed the unsigned written agreement with its application to confirm and enforce the arbitration award. Consequently, we cannot find evidence of a material mistake or extensive impropriety in the arbitration.
 {¶ 12} We further find that the remaining issues raised in this assignment of error are moot. See App.R. 12(A)(1)(c). That includes whether Myers timely raised the argument that the agreement is supported by mutual assent.
 {¶ 13} Accordingly, we overrule Myers' sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1