JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant NCO Portfolio Management, Inc. appeals from the trial court order that denied its motion to enforce an arbitration award issued in its favor against defendant-appellee Laurie Gubanyar, and, instead, vacated the award and dismissed appellant's motion with prejudice.
 {¶ 2} Appellant presents one assignment of error in which it argues that the trial court exceeded its statutory authority in entering its decision . This court agrees. Consequently, the trial court's order is reversed, and this case is remanded.
 {¶ 3} On April 26, 2007, appellant filed its motion and application pursuant to R.C. 2711.09 to confirm an arbitration award in the amount of $19,630.11 on a credit card debt owed to it by Gubanyar. Appellant attached to its motion several documents as exhibits. These included: 1) a copy of the award entered in appellant's favor on August 4, 2006; 2) a copy of the generic credit card agreement between the parties; and 3) appellant's attorney's affidavit. The attorney authenticated the documents.
 {¶ 4} Appellant served a copy of the motion on Gubanyar by certified mail on May 7, 2007. Thereafter, proceeding pro se, Gubanyar responded to the motion by sending a letter to appellant's attorney. On May 31, 2007, appellant filed this letter with the trial court as Gubanyar's "answer" to its motion.
 {¶ 5} Gubanyar stated that she was "not disputing that [she owed appellant] money." She went on to admit that she "realize[d] [she] had a debt that need[ed] to be paid and *Page 3 
[would] be paid" as soon as possible. She merely requested, due to physical illness, that appellant dismiss its lawsuit and permit her to make payments on the debt.
 {¶ 6} On August 8, 2007, the trial court issued a journal entry noting that a case management conference had been conducted. The entry further noted that Gubanyar's answer "admits the debt owed." The court set a date for an oral hearing on appellant's motion for August 24.
 {¶ 7} Gubanyar appeared at the hearing. On the record, the trial court noted its concern "as to whether Ms. Gubanyar was served with notification of the arbitration hearing." The trial court demanded appellant provide "proof of notification." When appellant's attorney could not provide any documentation of that fact, the trial court stated as follows:
 {¶ 8} "The Court of Common Pleas may vacate an award * * * if the award was procured by corruption, fraud, or undue means.
 {¶ 9} "This Court has been asked to confirm an award that cannot be shown that the Defendant was properly served with notice of the arbitration, and, therefore, this Court finds that the award was procured by undue means * * *."
 {¶ 10} On this basis, the trial court vacated the arbitration award, denied appellant's motion to confirm it, and dismissed the matter with prejudice.
 {¶ 11} Appellant presents the following assignment of error: *Page 4 
 {¶ 12} "I. The trial court erred and abused its discretion indismissing appellant's motion and application to confirm and enforcearbitration award."
 {¶ 13} In essence, appellant argues the trial court exceeded its statutory authority in entering its decision in this case. This court agrees.
 {¶ 14} R.C. 2711.09 states in relevant part:
 {¶ 15} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the courtshall grant such an order and enter judgment thereon, unless the award is vacated * * * as prescribed in section 2711.10* * *." (Emphasis added.)
 {¶ 16} R.C. 2711.10, in turn, provides in relevant part that the court "shall make an order vacating the award upon the application of" a party to the arbitration if that party demonstrates the award "was procured by corruption, fraud, or undue means." (Emphasis added.)
 {¶ 17} The foregoing section is limited, however, by R.C. 2711.13, which requires the party who seeks to vacate an arbitration award to "file a motion in the court of common pleas for an order" to that effect. Moreover, R.C. 2711.13 further requires that "[n]otice of a motion to vacate * * * an award must be served upon the adverse party or his attorney within three months after the award is delivered" to the moving party. (Emphasis added.) *Page 5 
 {¶ 18} Therefore, the jurisdiction of a court to review an arbitration award is narrow and statutorily restricted. Warren Edn. Assn. v. WarrenCity Bd. of Edn. (1985), 18 Ohio St.3d 170. When a motion is made pursuant to R.C. 2711.09, the court must grant the motion if a timely motion to vacate the award has not been made. Id., at the syllabus.
 {¶ 19} In this case, the trial court was not presented by Gubanyar with a motion to vacate the award, timely or otherwise. NCO PortfolioMgt., Inc. v. McGill, Montgomery App. No. 21229, 2006-Ohio-3758; MBNAm., N.A. v. McArdle, Lucas App. No. L-06-1319, 2007-Ohio-2033, ¶ 14. Indeed, Gubanyar did not dispute any of the allegations made in appellant's motion.
 {¶ 20} Moreover, appellant proved the allegations set forth in its motion, as required by R.C. 2711.14. The parties had agreed, pursuant to Gubanyar's acceptance of the credit card, to resolve a claim such as appellant's by submitting it to binding arbitration. The award indicated on its face that appellant had filed a claim against Gubanyar, that appellant's claim "was properly served on [Gubanyar] by [appellant]* * *, including a Notice of Arbitration," and that both the evidence and the law supported issuance of the award in appellant's favor.
 {¶ 21} In the face of appellant's compliance with R.C. 2711.14, the trial court lacked authority to require appellant to submit additional evidence; this pertains especially in the absence of any challenge by Gubanyar to appellant's motion to confirm the award. MBNA Am. Bank v.Harper, Hamilton App. No. C-060937, 2007-Ohio-5130; NCO Portfolio Mgt.,Inc. v. McGill, supra, at ¶ 15; cf., NCO Portfolio Mgt., Inc. v.Williams, Montgomery App. *Page 6 
No. 21306, 2006-Ohio-5396. Since the documents appellant attached to its motion established the trial court's duty to confirm the award, the trial court erred in refusing to do so. Chase Manhattan Bank USA v.Myers, Highland App. No. 07CA8, 2008-Ohio-965.
 {¶ 22} Accordingly, appellant's assignment of error is sustained.
 {¶ 23} The trial court's order is reversed.
 {¶ 24} This case is remanded to the trial court with instructions to enter a judgment confirming the arbitration award in appellant's favor.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J. and ANN DYKE, J. CONCUR *Page 1