OPINION
{¶ 1} Defendant-appellant Linda Anthony appeals two separate Judgment Entries of the Tuscarawas County Court of Common Pleas denying her motion to dismiss or, in the alternative, for a more definite statement, and granting plaintiff-appellee MBNA America Bank, N.A.'s (hereinafter "MBNA") motion for protective order and confirming an arbitration award in favor of MBNA.
 STATEMENT OF THE CASE {¶ 2} On April 26, 2005, MBNA commenced this action by filing a motion and application to confirm and enforce the arbitration award of the National Arbitration Forum of January 20, 2005, pursuant to R.C. 2711.09. On May 13, 2005, appellant filed a motion to dismiss, or in the alternative, for a more definite statement, requiring appellee attach the entire arbitration agreement to the complaint, including evidence appellant signed or otherwise agreed to the arbitration agreement. In response, appellee filed a motion to strike appellant's motion, and a motion for protective order from discovery.
 {¶ 3} On June 20, 2005, the trial court conducted an oral hearing. At the hearing, the trial court ordered it would defer ruling on the application to confirm the arbitration award, and would proceed to address only the preliminary matters.
 {¶ 4} On August 23, 2005, via Judgment Entry, the trial court granted appellee's motion to strike appellant's motion; granted appellee's motion for protective order; and overruled appellant's motion to dismiss or in the alternative for a more definite statement. Without further hearing and via separate Judgment Entry of the same date, the trial court confirmed the arbitration award.
 {¶ 5} Appellant now appeals the August 23, 2005 judgment entries, assigning as error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN GRANTING JUDGMENT BEFORE THE ANSWER DATE AND WITHOUT A HEARING.
 {¶ 7} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING THE MOTION FOR A MORE DEFINITE STATEMENT.
 {¶ 8} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN PROHIBITING ALL DISCOVERY."
 I {¶ 9} In the first assignment of error, appellant argues she never agreed to arbitration of disputes with appellee, and the trial court entered final judgment before she filed her answer asserting the same. Specifically, appellant maintains Civil Rule 12 altered the answer date to 14 days after the trial court denied appellant's motions; therefore, the trial court erred in entering final judgment on the same date.
 {¶ 10} MBNA filed a motion and application to confirm and enforce the arbitration award pursuant to R.C. 2711.09. The statute reads:
 {¶ 11} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."
 {¶ 12} Proceedings involving the confirmation or vacation of an arbitration award are special statutory proceedings. Civil Rule 1(C)(7) provides the civil rules are by definition not to apply to procedural matters in special statutory proceedings "to the extent that they would by their nature be clearly inapplicable."
 {¶ 13} Pursuant to R.C. 2711.09, when a motion is made to confirm an arbitration award, the court shall grant the motion if it is made within one year of the award, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown. The motion to modify or vacate must be made within 3 months of the award, pursuant to R.C. 2711.13. The applicable civil rule provisions are those pertaining to motions, rather than those pertaining to commencement of an action. The Civil Rules do not provide for an answer and counterclaim to a motion in such proceedings. Therefore, the trial court did not err in entering final judgment prior to the alleged answer date.
 {¶ 14} However, upon review of the record of the June 20, 2005 hearing, we note the trial court specifically stated it would defer ruling on the motion and application to confirm the arbitration award until a later date, and would proceed to address only the preliminary matters on its non-oral consideration docket. However, without any further hearing as required by R.C. 2711.09, the trial court granted the motion and application to confirm the arbitration award via Judgment Entry on August 23, 2005. Because R.C. 2711.09, clearly contemplates a hearing, and notice of the same be afforded to the adverse party, we find the trial court erred in confirming the arbitration award without holding such a hearing. Accordingly, we sustain appellant's assignment of error as to the trial court's proceeding without a hearing pursuant to R.C. 2711.09, and reverse and remand the matter to the trial court in order for the trial court to conduct said hearing.
 II III {¶ 15} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 16} Appellant maintains the trial court erred and abused its discretion in overruling appellant's motion for a more definite statement. Specifically, appellant moved the trial court to require MBNA attach the entire arbitration agreement to its filing. Appellant further argues the trial court erred and abused its discretion in prohibiting discovery.
 {¶ 17} We note, appellant asserts her arguments after having participated in the arbitration proceedings, well after the 3 month jurisdictional time limitation has expired for modifying or vacating the award. The proceedings before the lower court were limited to confirmation of the arbitration award, pursuant to R.C. 2711.09. The time limitations for appellant to move the trial court to modify or vacate the award had expired; including whether an enforceable agreement to arbitrate existed. Based upon our analysis of appellant's first assignment of error, we further conclude the civil rules pertaining to discovery and appellant's motion for a more definite statement are by their nature clearly inapplicable to the statutory proceedings below. However, we note appellant can challenge any deficiency in appellee's application to confirm at the hearing.
 {¶ 18} Accordingly, appellant's second and third assignments of error are overruled.
 {¶ 19} The August 23, 2005 Judgment Entries of the Tuscarawas County Court of Common Pleas are affirmed, in part; reversed, in part, and this matter remanded for further proceedings in accordance with the law and this opinion.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment entries of the Tuscarawas County Court of Common Pleas are affirmed, in part; reversed, in part, and this matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs to be divided equally between the parties.