OPINION
{¶ 1} The plaintiff-appellant, M.B.N.A. America Bank, N.A. ("MBNA"), appeals the judgment of the Shelby County Common Pleas Court overruling its motion and application to confirm and enforce an arbitration award and vacating the arbitration award.
 {¶ 2} The defendants-appellees, Kimberly Cooper and Edward Cooper (the "Coopers"), have failed to file a brief, so we will accept MBNA's statement of facts. App.R. 18(C). On or about December 9, 2005, the Coopers entered into an agreement for a credit card issued by MBNA. The terms of the cardholder agreement required binding arbitration for any dispute between the parties unless the cardholder specifically rejected arbitration. Apparently, the Coopers did not object to the arbitration clause. At the time the dispute arose between the parties, the Coopers were indebted to MBNA for $28,374.25. An arbitrator for the National Arbitration Forum reviewed the evidence and awarded MBNA $28,374.25 on June 10, 2005.
 {¶ 3} On October 31, 2005, MBNA filed a motion and application to confirm and enforce an arbitration award pursuant to R.C. 2711.09 in the trial court. In response, the Coopers filed a document captioned "Opposition to Motion and Application to Confirm and Enforce Arbitration Award". Apparently, the trial court construed this document to be a motion to vacate, modify, or correct an award filed pursuant to R.C. 2711.13, and it vacated the arbitrator's award. MBNA appeals the trial court's judgment and asserts the following assignment of error:
Whether the trial court prejudicially erred and abused itsdiscretion by denying Appellant's motion and application toconfirm arbitration award and vacating the arbitration awardbased on insufficient evidence of a signed copy of the agreementto arbitrate.
 {¶ 4} In support of its assignment of error, MBNA asserts three arguments. First, MBNA argues that the trial court did not have discretion to vacate the arbitration award because the award was not modified, vacated, or corrected in compliance with R.C.2711.10 and 2711.11. Second, MBNA contends that the trial court has no discretion to vacate an arbitration award based on the lack of a signed agreement. Finally, MBNA argues that R.C.2711.09 and 2711.14 establish a prima facie right to confirmation of the award.
 {¶ 5} Chapter 2711 et seq. governs arbitration procedures. The chapter authorizes, in part, judicial enforcement of an arbitration award. See Land Lake Dev., Inc. v. Lee Corp.,
3rd Dist. No. 4-99-10, 1999 WL 1072694, at * 2. Specifically, R.C. 2711.09 states:
[a]t any time within one year after an award in an arbitrationproceeding is made, any party to the arbitration may apply to thecourt of common pleas for an order confirming the award.Thereupon the court shall grant such an order and enter judgmentthereon, unless the award is vacated, modified, or corrected asprescribed in sections 2711.10 and 2711.11 of the RevisedCode.
(emphasis added). We have previously recognized that absent a motion to modify, vacate, or correct the arbitration award, the trial court is without jurisdiction to do so. Land Lake Dev.,
supra at * 2 (quoting Colegrove v. Handler (1986),34 Ohio App.3d 142, 146, 517 N.E.2d 979). Therefore, the trial court may only confirm or dismiss the complaint. Id. (quoting Colgrove,
supra at 146). See also Warren Edn. Assn. v. Warren City Bd. ofEdn. (1985), 18 Ohio St.3d 170, 480 N.E.2d 456, at syllabus ("When a motion is made pursuant to R.C. 2711.09 * * *, the court must grant the motion if it is timely, unless a timely motionfor modification or vacation has been made and cause to modify or vacate is shown." (emphasis added)). Any court order that modifies an arbitration award is void ab initio. Land LakeDev., supra at * 2 (citing Warren, supra at 172).
 {¶ 6} In this case, the record reflects that the arbitration award was made on June 10, 2005. MBNA filed its motion and application to confirm and enforce the arbitration award on October 31, 2005, well within the one year provision under R.C.2711.09. On November 9, 2005, the Coopers filed a document captioned "Opposition to Motion and Application to Confirm and Enforce Arbitration Award". The trial court apparently construed the document as a motion to vacate, modify, or correct an arbitration award. R.C. 2711.13 states:
any party to the arbitration may file a motion in the court ofcommon pleas for an order vacating, modifying, or correcting theaward as prescribed in sections 2711.10 and 2711.11 of theRevised Code.
 Notice of a motion to vacate, modify, or correct an awardmust be served upon the adverse party or his attorney withinthree months after the award is delivered to the parties ininterest[.]
(emphasis added). We cannot find the Coopers' document was a proper motion, and even if could be construed as such, clearly, it was untimely filed.
 {¶ 7} MBNA filed a timely motion and application to confirm and enforce the arbitration award, and the Coopers did not file a proper, or timely, motion to vacate, modify, or correct the arbitration award. Therefore, the trial court did not have jurisdiction to vacate the arbitration award and was required to enter judgment in favor of MBNA pursuant to R.C. 2711.09. See also Land Lake Dev., supra.
 {¶ 8} The judgment of the Shelby County Common Pleas Court is reversed, and this cause is remanded for entry of judgment consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Rogers and Cupp, J.J., concur.