DECISION AND JUDGMENT ENTRY
{ ¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court affirmed an arbitration award in favor of appellee, MBNA American Bank, N.A. ("MBNA"). On appeal appellant, Jeanne McArdle, sets forth the following two assignments of error: *Page 2 
 {¶ 2} "Assignment of Error No. 1:
 {¶ 3} "The trial court erred as it did not conduct a hearing to confirm the arbitration award as is required by ORC 2711.09.
 {¶ 4} "Assignment of Error No. 2:
 {¶ 5} "The trial court erred in granting relief to Plaintiff as a foreign corporation not authorized to do business in the state of Ohio cannot bring an action its authority to do business having been cancelled on November 15, 2000."
 {¶ 6} On August 18, 2005, arbitrator Carol Stoner awarded MBNA a total of $16,678.15 as a result of an unpaid credit card debt incurred by appellant. On January 4, 2006, MBNA filed a motion and application to confirm the arbitration award in the Lucas County Court of Common Pleas, pursuant to R.C. 2711.09. On January 10, 2006, appellant received notice that the application was filed. On January 31, 2006, appellant asked the trial court for an extension of time in which to respond, which was granted that same day. On February 27, 2006, the day her response was due, appellant filed a second request for additional time, along with interrogatories and a request for production of documents from appellee. On March 6, 2006, the trial court extended the time for appellant's response to March 31, 2006.
 {¶ 7} On March 15, and May 5, 2006, respectively, MBNA filed requests for additional time in which to respond to appellant's discovery requests, both of which were granted. Appellant filed a response on June 13, 2006. On June 21, 2006, MBNA filed a motion for a protective order, in which it argued that appellant was not entitled to *Page 3 
discovery pertaining to any issue that was previously resolved by the arbitrator. On July 12, 2006, appellant filed a response, arguing that the trial court did not have jurisdiction to confirm the award since appellant never signed an agreement to arbitrate disputes arising from the use of her MBNA credit card. In addition, appellant questioned whether the arbitrator had a conflict of interest by virtue of a "pre-existing arrangement" between MBNA and the National Arbitration Forum, through which the arbitrator was chosen.
 {¶ 8} A pretrial conference was held on August 8, 2006, after which a further pretrial conference date was set for October 6, 2006. However, on September 7, 2006, without holding a further hearing, the trial court granted MBNA's motion for a protective order and confirmed the arbitrator's award. Appellant filed a timely notice of appeal on October 5, 2006.
 {¶ 9} In her first assignment of error, appellant asserts that the trial court erred in affirming the arbitration award because it did not conduct a hearing pursuant to R.C. 2711.09. In support, appellant argues that, even though both parties attended a pretrial conference on August 8, 2006, the statute requires a further hearing before the award can be confirmed.
 {¶ 10} R.C. 2711.09 provides that:
 {¶ 11} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment *Page 4 
thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof"
 {¶ 12} As authority for her position on appeal, appellant citesMBNA America Bank, N.A. v. Anthony, 5th Dist. No. 05AP090059,2006-Ohio-2032. In that case, a motion to confirm an arbitration award in favor of MBNA and against the debtor/appellant, Linda Anthony, was filed in the trial court. In response, Anthony filed a motion to dismiss or, alternatively, for a more definite statement. In addition, Anthony sought production of the original arbitration agreement to show whether she agreed to arbitrate any disputes arising out of her relationship with MBNA. MBNA responded by filing motions to strike and for a protective order. No motion to vacate, modify or correct the award was ever filed. The trial court held a preliminary hearing on the matter, but deferred a hearing on the merits of MBNA's application until a later date. However, before the second hearing was held, the trial court confirmed the award.
 {¶ 13} A timely appeal followed, in which the Fifth District Court of Appeals found that R.C. 2711.09 "clearly contemplates a hearing" whenever a motion to confirm an arbitration award is filed. Id., at ¶ 14. Ultimately, the trial court's judgment was reversed and the matter was remanded for a hearing pursuant to R.C. 2711.09. Id. However, since the time for seeking vacation or modification of the award had expired, the appellate court limited the trial court's review to "confirmation of the award pursuant to R.C. 2711.09." Id., at ¶ 17. *Page 5 
 {¶ 14} On consideration of the foregoing, we agree with the Fifth District Court of Appeals' determination in MBNA America Bank, N.A. v.Anthony, supra, that R.C. 2711.09 "clearly contemplates a hearing" upon the filing of an application to confirm an arbitration award. Appellant's first assignment of error is, therefore, well-taken, and we are required to remand the case to the trial court for that purpose. However, appellant did not file a timely motion to vacate or modify the award[1] pursuant to either R.C. 2711.10 or 2711.11. Accordingly, on remand, the trial court is limited to either confirming the arbitration award or denying MBNA's application. MBNA American Bank, N.A., v.Cooper, 3d Dist. No. 17-05-33, 2006-Ohio-2793; Land Lake Dev., Inc. v.Lee Corp., 3d Dist. No. 4-99-10, 1999-Ohio-934. See, also, Warren Edn.Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170 ("[T]he vacation, modification or correction of an award may only be made on the grounds listed in R.C. 2711.10 and 2711.11, and then only when the application therefor is made by a party within the time allowed under R.C. 2711.13, i.e., three months." Id., at 173.).
 {¶ 15} In her second assignment of error, appellant asserts that the trial court erred by allowing MBNA to file an application for confirmation of the arbitration award. In support, appellant argues that MBNA, a corporation organized in the state of Delaware, initially registered as a foreign corporation under the provisions of R.C.1703.03; *Page 6 
however, its registration has been "cancelled." Accordingly, MBNA is prohibited from maintaining an action against appellant in Ohio pursuant to R.C. 1703.29(A), which states that a "foreign corporation" that is not properly registered pursuant to R.C. 1703.03 is prohibited from maintain any civil action in Ohio.
 {¶ 16} As set forth in our determination of appellant's first assignment of error, a remand of this case for a hearing is required. Nevertheless, we will address the issue raised in this assignment of error since it is an attack on MBNA's initial ability to seek confirmation of the arbitration award.
 {¶ 17} Pursuant to R.C. 1703.03 "[n]o foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state. * * *" R.C.1703.29(A) states that "no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license * * *." However, R.C. 1703.031 eliminates the registration requirements and penalties set forth in R.C. 1703.01 to1703.31 "with respect to a corporation that is a bank, savings bank, or savings and loan association chartered under the laws of the United States, the main office of which is located in another state * * *."
 {¶ 18} The record in this case includes the affidavit of MBNA's attorney, Melissa A. Hager, in which she states that MBNA "is a National Bank organized under 12 U.S.C. Sec. 21." Appellant has not challenged the veracity of Hager's affidavit, nor does she argue that MBNA's organization does not fall within one of the exceptions set forth in *Page 7 
R.C. 1703.031. Instead, appellant relies on a document attached to her appellate brief, which states that a business entity known as "MBNA American Bank (Delaware)" registered with the Ohio Secretary of State as a "Foreign Corporation" on September 25, 1998, and lists the status of that registration as "dead."
 {¶ 19} On consideration of the foregoing, we find that appellant presented no evidence to refute MBNA's claim that it is entitled to seek confirmation of the arbitration award pursuant to R.C. 1703.031. Accordingly, the issue of whether or not MBNA is properly registered as a "foreign corporation" in Ohio is irrelevant.[2] Appellant's second assignment of error is not well-taken.
 {¶ 20} The judgment of the Lucas County Court of Common Pleas is hereby reversed, and the case is remanded to the trial court for the purpose of holding a hearing on MBNA's application for confirmation of the arbitration award pursuant to R.C. 2711.09. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] R.C. 2711.13 requires a motion to vacate or modify an arbitration award to be filed "within three months after the award is delivered to the party in interest * * *." It is undisputed that appellant received notice of the application, at the latest, by January 10, 2006.
[2] Even if this issue were relevant to our determination, we could not consider appellant's purported documentation thereof on appeal, since it is unauthenticated and was not properly made a part of the trial court's record. Parma v. Silvis, 8th Dist. No. 88104,2007-Ohio-1157, ¶ 13 (citations omitted). *Page 1