[Cite as *CACV of Colorado, L.L.C. v. Hillman*, 2009-Ohio-6235.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

CACV OF COLORADO, LLC,

    PLAINTIFF-APPELLEE,                 CASE NO. 14-09-18

    v.

RAND HILLMAN,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2009 CV 0125

**Judgment Reversed and Cause Remanded**

Date of Decision: November 30, 2009

APPEARANCES:

    *Steven E. Hillman*  for Appellant

    *Christopher J. Moore*  for Appellee

**ROGERS, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-Appellant, Rand Hillman, appeals the judgment of the Court of Common Pleas of Union County confirming an arbitration award in favor of Plaintiff-Appellee, CACV of Colorado, LLC (hereinafter "CACV"). On appeal, Hillman argues that the trial court erred in striking his responsive pleadings and discovery requests; that the trial court erred in allowing CACV to bring its action in Ohio because it had not complied with R.C. 1703.29, and therefore, was not a limited liability company (hereinafter "LLC") registered to do business in Ohio; and, because the trial court ruled on CACV's motion to strike his pleadings and discovery requests in violation of Local Rule 10.01. Based upon the following, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

{¶3} In March 2009, CACV moved the trial court for an order confirming an arbitration award against Hillman pursuant to R.C. 2711.09 et seq. In its motion, CACV alleged that, in June 2000, Hillman became bound by the terms of a cardholder agreement by use of an account with the Maryland National Bank; that the agreement included a provision that any claim or dispute shall be resolved

by binding arbitration before the National Arbitration Forum (hereinafter "NAF");

and, that CACV received a written arbitration award in the amount of $9,175.82.

To its motion, CACV attached a copy of the award granted by NAF setting forth,

in part, that CACV filed a claim with NAF; that, after CACV filed proof of service

of the claim, NAF mailed Hillman a second notice of arbitration; and, that the

arbitration hearing notice was delivered to the parties as required by the forum

rules. Further, the award contained an "acknowledgment and certificate of

service" providing that a copy of the award was sent by first class mail to Hillman

on December 4, 2008, and a statement that the award was "entered and affirmed in

the State of Ohio." Additionally, CACV attached a copy of the credit card

agreement, including a provision entitled "Arbitration and Litigation" providing,

in part:

> * * *
>
> **Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents, or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement, or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties, or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration and Litigation section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.**
>
> **The arbitration shall be conducted by the National Arbitration Forum * * *[.]**

{¶4} Thereafter, Hillman filed an answer and jury demand, denying

CACV's allegations and setting forth as affirmative defenses that 1) CACV was

not licensed to do business in the State of Ohio and could not maintain a cause of action in the State of Ohio; 2) that the trial court had no subject matter jurisdiction; 3) that CACV's claim was barred by the doctrine of laches; 4) that CACV's claim was barred by the doctrines of estoppel and waiver; 5) that CACV failed to state a claim upon which relief could be granted; and, 6) that R.C. 2711.09 et seq. had no applicability to the action. Additionally, Hillman filed discovery, including a set of interrogatories and a request for production of documents.

{¶5} On April 9, 2009, CACV filed a motion to strike Hillman's pleadings on the basis that R.C. 2711.01 et seq. did not provide for answers, affirmative defenses, or jury demands in response to motions to confirm arbitration awards. Thereafter, on April 16, 2009, Hillman filed a "memorandum contra to plaintiff's motion to strike pleadings," stating that CACV's March 2009 motion was not a request to enforce an arbitration award under R.C. 2711.01 et seq., but a "fraud" upon Hillman and the trial court because he was never a party to a binding arbitration agreement; because arbitration never took place; because there was no binding arbitration award; and, because CACV was not a corporation licensed to do business under Ohio law or a foreign corporation licensed to use Ohio courts. On the same day, the trial court filed a judgment entry granting CACV's application for an order confirming the arbitration award and granting CACV's motion to strike Hillman's answer, jury demand, and discovery requests.

Case No. 14-09-18

In doing so, the trial court stated its findings that, under R.C. 2711.13, a party must file an objection to an arbitration award "within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action," and, that, absent such a timely motion for modification or vacation of an arbitration award, it was without discretion under R.C. 2711.09 to deny the application.

{¶6} It is from this judgment that Hillman appeals, presenting the following assignments of error for our review.[1]

### Assignment of Error No. I

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT STRUCK THE APPELLANT'S PLEADINGS AND DISCOVERY.**

### Assignment of Error No. II

**THE TRIAL COURT ERRED WHEN IT ALLOWED A LIMITED LIABILITY COMPANY THAT WAS NOT REGISTERED TO DO BUSINESS IN THE STATE OF OHIO TO BRING ANY ACTION IN THE STATE OF OHIO UNTIL IT COMPLIED WITH SECTION 1703.29 OF THE OHIO REVISED CODE.**

### Assignment of Error No. III

**THE TRIAL COURT ERRED BY RULING ON THE APPELLEE'S MOTION TO STRIKE IN VIOLATION OF IT [SIC] OWN RULE 10.01 WHICH PROVIDES: "MOTIONS SHALL BE ACCOMPANIED BY A MEMORANDUM STATING THE GROUNDS THEREFORE AND CITING THE**

---

[1] We note that CACV did not file an appellate brief.

**AUTHORITIES AND REASONS RELIED UPON. WITHIN 14 DAYS AFTER SERVICE OF SUCH MOTION, EACH PARTY OPPOSING THE MOTION SHALL RESPOND. UPON EXPIRATION OF THE TIME FOR FILING MEMORANDA, THE MATTER SHALL BE DEEMED SUBMITTED. FAILURE TO FILE A MEMORANDUM AT THE TIME REQUIRED IS A WAIVER AND CONSENT TO SUBMIT THE ISSUE OR CASE TO THE COURT FORTHWITH FOR DECISION."**

*Assignment of Error No. I*

{¶7} In his first assignment of error, Hillman contends that the trial court erred when it struck his pleadings and discovery requests. Specifically, Hillman argues that his answer should not have been stricken because it clearly laid out that the award was improper and should be vacated because R.C. 2711.09 et seq. were inapplicable; that CACV could not avail itself of R.C. 2911.01 et seq. because he did not voluntarily participate in arbitration and no action was filed under R.C. 2711.03 to enforce an arbitration agreement; that, as he appeared in the trial court, it should not have granted CACV's motion to strike without affording him a hearing or opportunity to amend his pleading; that an LLC requesting to enforce an arbitration agreement is required to demonstrate 1) that there was a written agreement signed by the parties to participate in binding arbitration; 2) that the LLC is licensed to do business in the State of Ohio; 3) that it sent a notice to the other party notifying him of the date, time, and place of arbitration, and that he received the notice; and, 4) that the arbitration occurred and all evidence was taken

within the State of Ohio; and, that, when the trial court's jurisdiction is challenged, discovery should be allowed to proceed to establish the veracity of the claims.

{¶8} It is well-established policy in Ohio to favor and encourage arbitration. *Brennan v. Brennan* (1955), 164 Ohio St. 29, 36; *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶10. Additionally, R.C. 2711.01 provides that arbitration clauses "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A). Further, the Supreme Court of Ohio has held that:

> **"where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'"**

*Academy of Medicine*, 108 Ohio St.3d 185, at ¶14, quoting *AT&T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 640, quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 582-88.

{¶9} On appeal, the standard of review is even more narrowed, as the Supreme Court of Ohio has observed that "[R.C. 2711.09 through 2711.14] provide the only procedures for post award attack or support of an arbitration decision. However, an appeal may be taken 'from an order confirming,

modifying, correcting, or vacating an award made in an arbitration proceeding or from a judgment entered upon an award.' But the review is confined to the order. The original arbitration proceedings are not reviewable." *Warren Edn. Assn. v. Warren City Bd. of Edn*. (1985), 18 Ohio St.3d 170, 173-174, quoting *Lockhart v. American Res. Ins. Co*. (1981), 2 Ohio App.3d 99, 101. Accordingly, our review of a trial court's decision to confirm an arbitration award is limited to whether the trial court abused its discretion. *MBNA Am. Bank, N.A. v. Jones*, 10th Dist. No. 05AP-665, 2005-Ohio-6760, ¶11. Abuse of discretion connotes that the trial court's actions were unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶10} R.C. 2711.09 governs an application for an order confirming an arbitration award and provides, in pertinent part:

> **At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.**

Additionally:

> **In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:**

**(A) The award was procured by corruption, fraud, or undue means.**
* * *

R.C. 2711.10.

**{¶11}** Finally, R.C. 2711.13 provides:

**After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.**

**Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.**

**{¶12}** Interpreting R.C. 2711.13, the Supreme Court of Ohio has found to be mandatory the language establishing a three-month time limit in which a party must serve notice of a motion to vacate, modify, or correct an arbitration award upon the adverse party. *Galion v. Am. Fedn. of State, Cty. & Mun. Emp.*, 71 Ohio St.3d 620, 622, 1995-Ohio-197. Where the party fails to do so within the three-month period, a trial court lacks jurisdiction to vacate, modify, or correct the award. Id.; see, also, *MBNA Am. Bank, N.A. v. Cooper*, 3d Dist. No. 17-05-33, 2006-Ohio-2793, ¶¶5-6; *CACV of Colorado, LLC v. Kogler*, 2d Dist. No. 021329, 2006-Ohio-5124, ¶11; *MBNA Am. Bank, N.A. v. McArdle*, 6th Dist. No. L-06-

1319, 2007-Ohio-2033, ¶14. In such circumstances, the trial court is limited to granting or denying the application to confirm the arbitration award. *Cooper*, 2006-Ohio-2793, at ¶5; *McArdle*, supra.

{¶13} However, despite the narrowness of the trial court's authority where the defendant has failed to serve timely notice of a motion to vacate, modify, or correct an award, several appellate districts have found that R.C. 2711.09 "* * * clearly contemplates a hearing, and notice of the same be afforded to the adverse party, [and a trial court errs] in confirming the arbitration award without holding such a hearing." *MBNA Am. Bank, N.A. v. Anthony*, 5th Dist. No. 05AP090059, 2006-Ohio-2032, ¶14; *McArdle*, 2007-Ohio-2033, at ¶14; *Perrot v. Swad Chevrolet, Inc.*, 10th Dist. No. 90AP-736, 1990 WL 174020; *Schwartz v. Realtispec, Inc.*, 11th Dist. No. 2002-L-098, 2003-Ohio-6759, ¶¶4-7.

{¶14} We first address Hillman's argument that the trial court erred in failing to hold a hearing prior to granting CACV's motion to strike and confirming its award. We find no evidence in the record that a hearing, oral or otherwise, took place in the trial court. We agree with the appellate districts listed above that R.C. 2711.09 contemplates a hearing, and find the trial court erred in confirming the award without holding a hearing. See *Anthony*, supra; *McArdle*, supra; *Perrot*, supra; *Schwartz*, supra. It seems clear that an opportunity for a hearing is necessary because there is no provision for the filing of an answer as in the usual

lawsuit. The hearing provides the respondent with an opportunity to raise one of the defenses listed in R. C. 2711.10 or R. C. 2711.11. However, because Hillman failed to serve timely notice of a motion to vacate the award, on remand, the trial court's authority is limited to granting or denying the application to confirm the arbitration award. *Cooper*, 2006-Ohio-2793, at ¶5; *McArdle*, supra.

{¶15} Next, Hillman argues that R.C. 2711.09 and the time limits of R.C. 2711.13 are inapplicable to him because the arbitration award was void ab initio due to the fact that he never agreed to binding arbitration and was not a party to the arbitration proceedings. In support, Hillman compares the facts in the case sub judice to *Citibank v. Wood*, 177 Ohio App.3d 103, 2008-Ohio-2877.

{¶16} In *Citibank*, a defendant-debtor obtained a purported arbitration award in his favor and the plaintiff-creditor failed to move to vacate the award within the time limits of R.C. 2711.13. However, the appellate court affirmed the decision of the trial court vacating the award, finding that the time limits were inapplicable, as the award was a nullity due to the fact that the arbitration was conducted by an arbitration company not authorized to issue an award under the arbitration provision in the parties' agreement. In contrast, it is undisputed in the case before us that the arbitration was conducted by NAF, and the arbitration provision in the cardholder agreement plainly provides that "[t]he arbitration shall be conducted by the National Arbitration Forum * * *[.]" Thus, the facts before

us are distinguished from those in *Citibank*, and we find that Hillman has set forth no other valid argument that the arbitration award was a nullity.

{¶17} Next, Hillman argues that CACV could not avail itself of R.C. 2911.01 et seq. because he did not voluntarily participate in arbitration and no action was filed under R.C. 2711.03 to enforce the arbitration agreement. Additionally, he argues that CACV was required and failed to demonstrate in its application that the parties signed a written agreement to participate in binding arbitration; that it sent and he received a notice notifying him of the date, time, and place of arbitration; and, that the arbitration occurred and all evidence was taken within the State of Ohio. Hillman has waived these arguments by failure to timely challenge the award via R.C. 2711.13. See *Cooper*, supra, *McArdle*, supra.

{¶18} Additionally, although Hillman has argued that he never received notice of the date, time, and place of arbitration, and that the award was a "sham," we note that Hillman did not argue on appeal that he did not receive notice of the award itself. This precludes any argument that he could not have timely challenged the award because he was not aware of the award. Further, even had Hillman argued that he did not receive notice of the award, the arbitration award reflects the arbitrator's findings that the claim was properly served on Hillman, and the certificate of service reflects that Hillman was notified by first class mail of the award on December 4, 2008. The Second Appellate District has held that

such a dated certificate of service on an arbitration award is sufficient evidence to demonstrate that a defendant knew of the arbitration award before the plaintiff filed its application and within the three-month time limit set forth by R.C. 2711.13. *Kogler*, 2006-Ohio-5124, at ¶¶10-11.

{¶19} Accordingly, we sustain the portion of Hillman's first assignment of error arguing that he should have been afforded a hearing, but overrule the remaining arguments in the assignment of error, as they have been waived.

*Assignment of Error No. II*

{¶20} In his second assignment of error, Hillman contends that the trial court erred when it allowed CACV to bring the action in Ohio because it was an LLC not registered to do business in Ohio and had not complied with R.C. 1703.29. Specifically, Hillman argues that the restrictions set forth in R.C. 1703.29 forbid unregistered foreign corporations from using the Ohio court system to maintain an action.

{¶21} Initially, we note that CACV was not required to comply with R.C. 1703.29 regarding unregistered foreign corporations, as it was not a corporation, but an LLC subject to R.C. 1705.53 to 1705.58. R.C. 1705.54(A) governs registration of foreign LLCs and provides, in pertinent part:

> **Before transacting business in this state, a foreign limited liability company shall register with the secretary of state. The company shall register by submitting to the secretary of state an**

> **application for registration as a foreign limited liability company. \* \* \***

Additionally, R.C. 1705.58(A) provides:

> **A foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code.**

See, also, *Columbus Steel Castings Co. v. Transportation & Transit Associates, LLC*, 10th Dist. No. 06AP-1247, 2007-Ohio-6640, ¶¶62-73.

**{¶22}** Here, Hillman contends that CACV never asserted or presented evidence that it was a registered foreign LLC entitled to apply for confirmation of an arbitration award, and, therefore, the trial court should have permitted discovery on the limited issue of whether CACV was permitted to bring an action in an Ohio court. We find nothing in the record, including the arbitration award and CACV's application for confirmation, containing evidence of CACV's status as a registered or unregistered foreign LLC. Compare *McArdle*, supra (finding that applicant-bank was entitled to seek confirmation of arbitration award when it provided affidavit of its attorney that the bank was organized under R.C. 1703.031, which eliminates registration requirements, and the defendant had not challenged the affidavit or the bank's R.C. 1703.031 status). Further, even though Hillman challenged CACV's registration status in the trial court, the court's decision does not reflect that it considered this argument.

**{¶23}** R.C. 1705.58(A) clearly requires a foreign LLC to register pursuant to R.C. 1705.53 through 1705.58 before maintaining any action in an Ohio court. No exceptions are apparent for unregistered foreign LLCs seeking affirmation of arbitration awards either in R.C. 1705.58(A) or 2711.09, and, as CACV did not file an appellate brief, it has cited no authority to the contrary. We are mindful of the fact that, where the defendant has not timely filed a motion attacking the arbitration award, the trial court's authority is extremely limited; however, we find it axiomatic that the trial court consider the plaintiff-applicant's organizational status and corresponding right to maintain an action in an Ohio court before granting its application.

**{¶24}** Accordingly, we sustain Hillman's second assignment of error and remand the matter to the trial court to determine whether CACV was permitted by law to maintain an action in an Ohio court.

*Assignment of Error No. III*

**{¶25}** In his third assignment of error, Hillman argues that the trial court erred by ruling on CACV's Motion to Strike in violation of its local rule, permitting opposing parties to respond to a motion within fourteen days of its service. Specifically, Hillman claims that the trial court erred by ruling on CACV's motion "within minutes" of Hillman's filing of his memorandum contra, and only eight days subsequent to service of CACV's motion.

-15-

{¶26} Our disposition of Hillman's first and second assignments of error renders his third assignment of error moot, and we decline to address it. App.R. 12(A)(1)(c).

{¶27} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in the first and second assignments of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**